THE UNITED STATES, APPELLANT, *vs.* MOSES E. LEVY, APPELLEE.

A grant by Governor Coppinger, of fourteen thousand five hundred acres of land, in East Florida, part of thirty thousand acres, granted in consideration of services to the crown of Spain and the officers of Spain, which had been surveyed by the appointed officer, confirmed.

The Court refused to allow a survey of land to be made to make up for a deficiency in the survey of fourteen thousand five hundred acres, in consequence of part of the land included therein being covered with water, and being marshes. Even if a survey had not been made under the concession, it would not be competent for the Superior Court of East Florida, or for the Supreme Court, to designate a new location varying from the original concession, as any such variation would be equivalent to a new grant.

APPEAL from the Superior Court of East Florida.

Moses E. Levy, a citizen of the United States, presented a petition to the judge of the Superior Court of East Florida, on the 18th day of May, 1829, claiming title to a tract of land containing four-teen thousand five hundred acres, situated in East Florida, being part of thirty thousand acres originally conceded to Fernando de la Maza Arredondo, in full property, by Governor Don Jose Coppinger, on the 14th day of March, 1817, in consideration of services rendered by him to the government and officers of Spain; which four-teen thousand five hundred acres became, by sundry mesne conveyances, the property of the petitioner.

The petition states that there is at the place designated in the said concession for the location of the said fourteen thousand five hundred acres of land, a considerable portion of the land covered by water, and consisting of marshes; which, if included in the survey of the said land, would be a complete loss of so much land as is covered with water, or as consists of marshes.

The petitioner avers, that by the concession in this case, he is entitled to fourteen thousand five hundred acres of land, exclusive of land covered by water and of marshes; and that by the custom, practice, and usage of the Spanish government in East Florida, where it happened that at the place designated for the location of the land granted, there was found to be a part of that which would necessarily fall within the survey according to the calls of the grant, covered with water, or consisting of marshes, though included within the boundaries of the survey; it was excluded from the quantity surveyed for the party; and the whole of land clear of such water and marsh, called for by the grant, was surveyed and secured to the party entitled to the benefit thereof. He therefore prays that such directions for the survey of the said fourteen thousand five hundred acres of land may be given, as he is justly entitled to by the aforesaid concession and the said usage, practice, and custom of the Spanish government in East Florida.

The petitioner states that since the purchase of said lands by him, he has at very great expense and trouble made a settlement on the lands, at a place thereon called Hope Hill; and that he has erected

11

houses and buildings of various descriptions on the land, and has cultivated a considerable portion thereof, and made other beneficial improvements thereon.

The answer of the District Attorney of the United States denies, among other things, that it was the usage and custom in East Florida to have the quantity of land covered by water, or such as is found to be a marsh, replaced by surveys of other land; and insists that the petitioner having procured and accepted a royal grant for fourteen thousand five hundred acres, made according to the survey under the original concession, he is estopped from setting up such usage or custom, if the same existed.

The answer also insists that the Court has no power or authority to direct a survey of the said fourteen thousand five hundred acres of land, in accordance with any such supposed usage or custom; if it could be shown that any such usage or custom ever existed.

The Superior Court confirmed the grant for fourteen thousand five hundred acres, according to the survey, and rejected the claim to have the quantity of land contained in the grant surveyed, excluding land covered with water and marshes.

The United States appealed from this decree.

The case was submitted to the Court, by Mr. Grundy, Attorney General of the United States.

Mr. Justice WAYNE delivered the opinion of the Court.

This is an appeal from the Superior Court of East Florida.

The appellee, after alleging that he claims title to a certain tract or parcel of land, containing fourteen thousand five hundred acres, situated in East Florida, being a part of a large body consisting of thirty thousand acres, originally granted in full and absolute property, on the 24th day of March, 1817, to Fernando de la Maza Arredondo—that he had purchased the same after the said fourteen thousand five hundred acres were located and surveyed; he further alleges, that a considerable portion of the land bought by him, is covered by water, and consists of marshes, and "that by the custom, practice, and usage of the Spanish government, in East Florida, where it happened that at the place designated for the location of the land granted, there was found to be a part of that which would necessarily fall within the survey according to the calls of the grant, covered with water, or consisting of marshes, though included within the boundaries of the survey, it was excluded from the quantity surveyed for the party; and the whole of land clear of such water and marsh, called for by the grant, was surveyed and secured to the party entitled to the benefit thereof." He then prays that such directions for the survey of the said 14,500 acres of land may be given by the Court, as he is entitled to, by the aforesaid concession, and the said usage, practice, and custom of the Spanish government in East Florida. And he concludes his petition with a prayer, that the validity of his title to the aforesaid tract of land, may be inquired into and decided by the Court.

[The United States vs. Moses E. Levy.]

The Court decides his claim to be good to the 14,500 acres, according to its survey, designating particularly the identity of the land by reference to the survey of Don Andrew Burgeon, who was the surveyor appointed to survey the concession to Arredondo, and it decrees, that the prayer of appellee, to have the said fourteen thousand five hundred acres of land surveyed to him, excluding land covered with water and marshes—be rejected.

This Court affirms the decree of the Court below. It thinks that the claimant failed to establish by any evidence in the cause, the existence of any such custom or practice in the government of East Florida, in regard to land covered by water, and consisting of marshes; and if such a custom or practice can be proved to exist, it cannot be applied to any concession carried into an actual grant, according to a survey made and returned by the officer, or person appointed to make such survey. Such are the facts in this case. The survey was made by Burgeon, the governor having appointed and qualified him for the purpose; and the grant is made by a recital of Burgeon's survey. It is this survey also, which the Court below decrees in favour of the claimant, and which it is to be particularly understood this Court affirms. But this Court thinks it necessary to say further, in affirming the decree of the Court below; rejecting the claim of the petitioner to have fourteen thousand five hundred acres of land surveyed to him, excluding land covered with water and marshes; that even though the survey had not been made, it would not be competent to the Court below, or to this Court, to designate a new location, varying from the original concession, as any such alteration on a concession would be equivalent to a new grant. See the case of the United States vs. Huertas, 9 Peters, 171.

The acts of Congress by which these cases are subjected to judicial investigation and judgment, give no such power to the Courts.

This cause came on to be heard on the transcript of the record from the Superior Court for the district of East Florida, and was argued by counsel. On consideration whereof, it is adjudged and decreed by this Court, that the decree of the said Superior Court in this cause be, and the same is hereby, in all respects, affirmed.